UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY C. STAFFORD,

    Applicant,

v.                                        CASE NO. 8:23-cv-1013-SDM-AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

Stafford applies under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges the validity of his convictions for one count of second-degree murder with a firearm and two counts of attempted second-degree murder with a firearm, for which he is imprisoned for both life and fifteen years. Stafford paid the requisite filing fee, and he is represented by retained counsel. The conviction became final in 2001.

Stafford admits that he unsuccessfully challenged his convictions and sentences in an earlier action under Section 2254 — 8:06-cv-7-JDW-TGW — but he asserts that the present action is timely because an amended judgment was entered in 2022. An earlier order (Doc. 3) both (1) explains that Stafford must overcome not only timeliness but also the preclusion against a second or successive application under Section 2254 without the required authorization from the Eleventh Circuit Court of Appeals and (2) directs Stafford to provide a copy of both his action in state court that caused what

he contends is an amended judgment and the amended judgment. Stafford complied. (Doc. 4)

Stafford's earlier action challenged the judgment entered on February 10, 2000, which directed the respondent to imprison Stafford for life for second-degree murder with a firearm (count one)[1] and fifteen years for attempted second-degree murder with a firearm (counts two and three), with the sentences concurrent. Stafford's response shows that in 2021 he filed a "Motion to Correct Illegal Sentence" (Doc. 4 at 4, Exhibit A) because, as relevant here, the written judgment entered in 2000 erroneously designates his murder conviction (count one) as a second-degree felony instead of a first-degree felony. The state court concurred and ordered the clerk to correct the written judgment (Doc. 4 at 14, Exhibit B) (references to trial record omitted) (bolding added):

> The Court agrees that the judgment and sentence should be corrected. The jury found Defendant guilty of second-degree murder. The Court noted at sentencing that there was a clerical error on the judgment (which had been prepared and filed prior to sentencing). Clerical errors in the judgment and sentence may be corrected at any time. *See Wells v. State*, 796 So. 2d 1276, 1277 (Fla. 4th DCA 2001) ("if a clerical mistake exists in a criminal case, the trial court has the jurisdiction to correct it"). While this is somewhat different from the oral pronouncement of the sentence, because this is a description of the crime Defendant was convicted of, not the sentence, **it is clear that it is a clerical error**. The Court therefore has the jurisdiction to correct it. The Court will therefore grant Defendant's motion on ground one to the extent that the Court will direct the Clerk to amend the judgment and sentence.

---

[1] Stafford was charged with murder in the first degree, but the jury convicted him of the lesser-included crime of murder in the second degree.

Under the court's instruction the clerk corrected the error by writing on the original judgment "re-record due to amendment – 7/26/2022" and crossed-out the designation of the murder conviction as "2°" and wrote "1°-PBL."[2]

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Stafford contends that Section 2244(b)(3)(A) is inapplicable because he is not now imprisoned under the same judgment that he challenged in the earlier action. An applicant under Section 2254(a) may challenge only the state-court judgment "pursuant to" which he is held "in custody." Under this restriction, the only "judgment that matters for purposes of [the limitation under] Section 2244 is 'the judgment authorizing the prisoner's confinement.' " *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (*en banc*) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). An application is not "second or successive" under Section 2244(b) if imprisonment is under a "new" judgment. *Magwood*, 561 U.S. at 342 (allowing another action under Section 2254 because the application was "Magwood's first application challenging his new sentence under the 1986 judgment[, therefore] not 'second or successive' under § 2244(b)."). Consequently, whether Section 2244(b)(3)(A) prohibits Stafford from pursuing an unauthorized application depends on whether he is now imprisoned under a new judgment.

---

[2] The order explains that "PBL" means punishable by life.

As stated in the state court's order granting Stafford's requested relief, the order "direct[s] the Clerk to amend the judgment and sentence" to correct the "clerical error" — the incorrect designation of the murder conviction as a second-degree felony instead of a first-degree felony — but the state court ordered a change to neither the originally imposed convictions nor sentences. Accordingly, Stafford correctly refers to the resulting judgment as an "amended" judgment, but as *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326–27 (2017), explains, an amended judgment supports no second application under Section 2254 (italics for emphasis original):

> The relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement. [*Magwood*] at 332, 130 S. Ct. 2788. The state court did not issue a new judgment authorizing Patterson's confinement when it granted Patterson's motion to correct his sentence. And the 1998 judgment remains the only order that commands the Secretary to imprison Patterson.
>
> . . . .
>
> Rule 3.800(a) allows a court to correct an illegal sentence "at any time" if the "records demonstrate on their face an entitlement" to relief. This rule encompasses clerical errors, *Carson v. State*, 489 So. 2d 1236, 1238 (Fla. Dist. Ct. App. 1986), which "generally relate back" to the date of initial judgment. *R. R. Ricou & Sons Co. v. Merwin*, 94 Fla. 86, 113 So. 745, 746 (1927). An order that relates back to an original sentence merely amends the original order and may not entitle the defendant to vacatur of the original judgment and entry of a new one. That Rule 3.800(a) encompasses clerical errors, which relate back, suggests that other modifications under Rule 3.800(a) may also relate back to the original sentencing and would not require a judge to vacate the original sentence and issue a new one. And we know, of course, that the judge in Patterson's case did not do so.

As a consequence, the finality of a sentence is unaffected by a later modification of sentence that does not replace the original judgment. *See Ferreira v. Sec'y, Dep't of Corr.*,

494 F.3d 1286, 1292 (11th Cir. 2007) (explaining that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence *that authorizes the petitioner's current detention*" (emphasis added) ); *Patterson*, 849 F.3d at 1326–27 (holding that a subsequent order that alters a sentence constitutes a new judgment for purposes of federal habeas review only if the new judgment authorizes or changes the applicant's confinement, noting that state courts often make "[m]any ameliorative changes in sentences . . . as a matter of course, such as the removal of a fine or a restitution obligation," and, if each time this was done the result was a new "judgment" for purposes of federal habeas review, the outcome would conflict with the "central purpose" of AEDPA "to ensure greater finality of state and federal judgments in criminal cases" (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) (*en banc*) ) ).

The judgment that imprisons Stafford (1) is the original judgment entered in 2000, as amended in 2022 to correct a clerical error, and (2) was the judgment that he challenged in his earlier action under Section 2254. Because the "state court did not issue a new judgment authorizing [his] confinement when it granted [his] motion" to correct an illegal sentence, Stafford's 2000 "judgment remains the only order that commands the Secretary to imprison" him. *Patterson*, 849 F.3d at 1227. As a consequence, the present application is barred as an unauthorized second or successive application and the district court lacks jurisdiction to review another application unless the circuit court grants Stafford permission to file a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received

authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (finding that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)); *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017)[3] ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition].' 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

This action is **DISMISSED** as an unauthorized second or successive application under 28 U.S.C. § 2244(b)(3)(A). The clerk must close this case.

ORDERED in Tampa, Florida, on August 1, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE